hBYRNES, Judge.
On March 13, 1991, plaintiff, Mark Joseph Vincent, fell through a skylight on the roof of a building owned by the defendant, Larry Stephen Berestitzky. A portion of the building was leased from Mr. Berestitzky by Cooter Brown’s, Inc. Vincent sued Beres-titzky, Cooter Brown’s and their respective insurers for injuries he sustained as a result of his fall. Judgment was rendered in favor of the plaintiff pursuant to a jury verdict which encompassed general and special damages totalling $950,900.00. The jury apportioned fault 40% to the plaintiff, 50% to Ber-estitzky, and 10% to Cooter Brown’s. Lauren Sloan, plaintiffs daughter was awarded $50,000.00 for loss of consortium. After the judgment was signed, plaintiffs agreed to settle with Larry Berestitzky and his insurer Scottsdale Insurance Company, reserving their rights to proceed against Cooter Brown’s and its insurer First Financial Insurance Company. Following trial, the defendants filed for JNOVs. The plaintiffs filed a motion for a JNOV and alternatively for a new trial. These motions were denied. Cooter Brown’s filed a motion for a ruling on its third party demand. That third party demand was denied.
_|_2pooter Brown’s third party demand was directed against Scottsdale Insurance Company as the insurer of Larry Berestitzky and First Financial Insurance Company, but was later dismissed as to First Financial. The third party demand alleged that should plaintiffs be entitled to recover from Cooter Brown’s, then Cooter Brown’s was entitled to full indemnity or in the alternative, contribution from Scottsdale for any sum which Coot-er Brown’s would be held liable to pay to Mark Vincent. In denying Cooter Brown’s third party demand, the trial court found that Berestitzky was in part acting in the course and scope of his employment with Cooter Brown’s at the time he engaged the services of Vincent and that Cooter Brown’s was liable for the 10% fault attributed to it by the jury.
Berestitzky was the owner of the building located at 501-513 So. Carrollton Ave. He was also the sole stockholder and manager of Cooter Brown’s, Inc. Cooter Brown’s leased a portion of the ground floor of the premises from its sole stockholder, Berestitzky. Ber-estitzky hired Vincent to do some tree trimming and gutter cleaning on the premises. Berestitzky contends that he hired Vincent only in his capacity of owner of the budding, not as an employee or agent of Cooter Brown’s which he owned and managed. However, Berestitzky acknowledged that he assumed that when he hired Vincent, that Vincent was under the impression that he was being retained by Cooter Brown’s. The jury found Berestitzky strictly liable as owner for the defect in the premises which caused Vincent’s injuries. The jury also found that Berestitzky was negligent, and that Berestitzky was acting in the course and scope of his employment with Cooter Brown’s when he hired Vincent.
ftThe record will support findings that Berestitzky was strictly liable as owner for the defect in the premises. The defendants do not contest the finding that the premises were defective. The record will support a finding that Berestitzky was acting at least in part in the course and scope of his employment with Cooter Brown’s when he hired Vincent. Berestitzky was apparently on duty at Cooter Brown’s when he met with and retained Vincent. The tree trimming and gutter cleaning services Vincent was hired to do were motivated by and inured at least as much to the benefit of Cooter Brown’s as to Berestitzky’s interest as owner of the property. Indeed, our evaluation of Berestitzky’s testimony is that he was thinking more of Cooter Brown’s than he was of the premises when he hired Vincent. He admitted that it would not have been unusual for him to split the expense of Vincent’s services between Cooter Brown’s and his personal account.
The crux of this case is whether the record will support a finding that Berestitzky was negligent. Berestitzky’s strict liability as owner cannot be imputed vicariously to Cooter Brown’s as Berestitzky’s employer. The issue is whether Berestitzky’s negligence as owner of the premises or as an employee of Cooter Brown’s can be imputed vicariously to his employer, Cooter Brown’s.
*1254 Any actual knowledge of the defect that Berestitzky had as owner of the premises is also possessed by Berestitzky in his employment capacity at Cooter Brown’s. An employee is hired with all of his knowledge which includes not only his educational background and prior job experiences, but also all of his life experiences whether on the job or off. An employer may not insulate himself from the negligent actions of an employee who has acted in the course |4and scope of his employment by arguing that the knowledge that should have deterred the employee from the negligent act was acquired by the employee when he was not at work. Therefore, if Berestitzky had actual knowledge as owner of the premises of the defect in the roof, he also had that knowledge as manager of Coot-er Brown’s. We deliberately use the phrase “actual knowledge as owner” instead of “what he knew or should have known as owner” because what Berestitzky “should have known as owner” is not the same as what he “should have known” as an employee of Cooter Brown’s. His failure to warn Vincent of that known defect could vicariously be imputed to his employer, Cooter Brown’s. LSA-C.C. art. 2320.
Berestitzky testified that when he hired Vincent he knew that: “To clean the gutters he had to go on the roof.” Therefore, Berestitzky as manager of Cooter Brown’s had a duty to warn Vincent of any defect in the roof of which he had knowledge, since he knew that Vincent would be required to go on the roof.
Without knowledge, Berestitzky’s failure as manager of Cooter Brown’s to warn plaintiff of the defect was not negligence, because the condition of the roof was not Cooter Brown’s responsibility under the lease. However, the jury found that Beres-titzky was not only strictly liable, but that he was also negligent. The jury’s reasons for finding Berestitzky negligent are not given. We must give effect to any reason that is adequately supported by the record.
The record does not support a finding that Berestitzky had actual knowledge of the defect and plaintiffs’ brief did not contend otherwise. No one testified that Beres-titzky had knowledge of the defect. There is no reason | Bto believe that he did. Plaintiffs’ brief is completely silent on the question of Berestitzky’s personal knowledge. In the absence of such actual knowledge Berestitz-ky did nothing negligent in the course and scope of his employment which could make Cooter Brown’s vicariously liable for Vincent’s injuries. We assume that the jury was understandably confused by the technical legal distinctions that must be drawn among Mr. Berestitzky’s various personae depending on whether he was acting as private individual, owner of the property, manager-employee of Cooter Brown’s, or stockholder of Cooter Brown’s.
As Cooter Brown’s has no liability in this matter, its third party demand is moot.
At this point we would normally apportion among the remaining parties the 10% of the fault that had been allocated erroneously to Cooter Brown’s by the jury. However, as those parties have already fully settled those claims among themselves this is not necessary.
For the foregoing reasons the judgment against Cooter Brown’s and its insurer, First Financial Company, is reversed and plaintiffs’ claims against Cooter Brown’s are dismissed. Cooter Brown’s third party demand is also dismissed.

REVERSED AND RENDERED.