955 So.2d 161 (2007)
Kitty JAMISON
v.
Joseph D'AMICO, III.
No. 2006-CA-0842.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 2007.
*162 Michael A. Fenasci, Fenasci & Associates, New Orleans, LA, for Plaintiff/Appellant.
Brian C. Bossier, Tara Nunez Smith, Erin H. Boyd, Blue Williams, L.L.P., Metairie, LA, for Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge, TERRI F. LOVE, Judge, ROLAND L. BELSOME).
TERRI F. LOVE, Judge.
Kitty Jamison appeals the district court's granting of a motion for summary judgment that was filed on behalf of Joseph D'Amico, III and the granting of an exception of no cause of action filed on behalf of Louisiana Steam Equipment Company, Inc. There exist no genuine issues of material fact, and defendants are therefore entitled to judgment as a matter of law. Also, allegations in the appellant's petition, specifically the allegation that LSEC was "improperly delegated" certain duties by Mr. D'Amico, were insufficient to state a cause of action. Therefore, the district court correctly granted the motion for summary judgment and the exception of no cause of action. We affirm the decision of the district court.

FACTUAL AND PROCEDURAL BACKGROUND
While working in a building located at 1701 Tchoupitoulas Street in New Orleans, *163 Louisiana, the appellant, Kitty Jamison (hereinafter "appellant" or "Ms. Jamison") was walking in the storage area of the premises, when the floor collapsed beneath her. As a result of that accident, she sustained injuries.
At the time of the accident, Ms. Jamison was employed by Tchoupitoulas Street Wharf, Inc., d/b/a Marine Medical Unit. The premises had been leased to Mr. J. Carlyle Smith (Lessee) by Joseph D'Amico, III (Lessor/Appellee) (hereinafter "appellee" or "Mr. D'Amico"). The lease expired on or about September 30, 1998, and no formal provision for the reconduction of the lease terms existed at that time.
The district court heard a motion for summary judgment filed on behalf of Mr. D'Amico and an exception of no cause of action filed on behalf of Louisiana Steam Equipment Company (hereinafter "LSEC"). The district court granted appellee's motion for summary judgment and LSEC's exception of no cause of action. Thereafter, this appeal was lodged.

STANDARD OF REVIEW
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Summary judgment is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2).
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Champagne v. Ward, 03-3211, p. 4 (La.1/19/05), 893 So.2d 773, 776. The mover bears the initial burden of proof to show that no genuine issue of material fact exists. Id. However, if the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ.P. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the nonmoving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. Id.
In Southern Tool Supply, Inc. v. Beerman Precision, Inc., this Court recited the standard of review for a trial court's decision of an exception of no cause of action as follows:
We review a trial court's decision on an exception of no cause of action de novo "because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition." City of New Orleans v. Board of Comm'rs of Orleans Levee Dist., 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253. In so doing, we are confined to the allegations of the petition. No evidence can be introduced to support or to controvert an exception of no cause of action. La. C.C.P. art. 931. Rather, we must accept as true the well pleaded factual allegations set forth in the petition. Based thereon, our job is to determine "whether, on the face of the petition, the plaintiff is legally entitled to the relief sought." Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La. 1993).
03-0960, p. 6 (La.App. 4 Cir. 11/26/03), 862 So.2d 271, 277.

MOTION FOR SUMMARY JUDGMENT
The appellant assigns error to the district court granting the appellee's motion *164 for summary judgment. The appellant argues that there was a genuine issue of material fact based on the pleadings, depositions, admissions, affidavits and documents presented. However, the appellee submitted evidence sufficient to negate an essential element of the appellant's claim, i.e., knowledge of the condition of the defective floor, and the appellant failed to produce factual support sufficient to establish that she could meet her burden of proof at trial. We find that there are no depositions, affidavits, admissions, or answers to interrogatories on file that show that Mr. D'Amico had knowledge or should have had knowledge of the defective condition of the floor in the subject building.
In determining whether the trial court erred in granting Mr. D'Amico's motion for summary judgment, we must discern whether genuine issues of material fact exist. King v. Dialysis Clinic Inc., 04-2116, p. 5 (La.App. 4 Cir. 1/4/06), 923 So.2d 177, 180. "A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of a legal dispute." Hines v. Garrett, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765. An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts establishing that there is a genuine issue of material fact for trial. La.Code Civ.P. art. 967(B).
The basis of Mr. D'Amico's motion for summary judgment was that there was no genuine issue of material fact as to whether Mr. D'Amico knew or should have known of the allegedly defective condition of the flooring. Ms. Jamison asserts that the law imposes a duty upon the owner of the building to conduct inspections and imposes a more expansive burden of inspection upon the owner's insurance carriers.

Failure to Inspect
The appellant alleges that Mr. D'Amico was liable for failing to inspect the premises and failing to make necessary repairs. In Vincent v. Berestitzky, Vincent, a worker, was injured when he fell through the skylight on the roof of a building owned by Berestitzky. 94-2429 (La. App. 4 Cir.3/29/95), 653 So.2d 1251, 1253. Part of the building was leased from Mr. Berestitzky by Cooter Brown's, Inc., and Vincent sued Berestitzky, Cooter Brown's and their respective insurers for injuries he sustained as a result of his fall. Id. This Court found that there was no reason to believe that Berestitzky had knowledge of the defect where there was neither evidence nor testimony to support that claim. Vincent, 94-2429, 653 So.2d at 1254. Without knowledge of any defect, Berestitzky's failure to warn did not amount to negligence. Id.
Also, in Chau v. Takee Outee Bourbon, Inc., the plaintiff-appellant was a tenant's employee who was injured on the job when a portion of a building's ceiling collapsed onto her. 97-1166, p. 1 (La.App. 4 Cir. 2/11/98), 707 So.2d 495, 496. She brought a premises liability action against absentee co-owners and others. Id. The appellee was dismissed from the case, upon a motion for summary judgment, based upon La. R.S. 9:3221 and a clause in the lease which shifted responsibility for the condition of the building to the lessee. Id. The key issue was whether the appellee "should have known" of the alleged defect in the building, and this Court found no genuine issue of material fact as to this issue and that the appellee, an absentee co-owner who was not at all involved in the management of the building, and should not have known of the alleged defect in the building. Chau, 97-1166, p. 3-4, 707 So.2d *165 at 496-97. This Court stated that imposing such a duty to inspect would all but completely deny the co-owner the relief granted to her by La. R.S. 9:3221. Chau, 97-1166, p. 6, 707 So.2d at 498.
Therefore, as in Chau, the legislative purpose should not be frustrated. Id. We find that Mr. D'Amico was under no duty to inspect the premises and, as a consequence, there is no basis to conclude that he should have known of the defect in the flooring in the premises.

Knowledge of the Defective Condition
The appellant also argues that Mr. D'Amico knew or should have known of the allegedly defective condition of the flooring. We disagree. Here, while the lease included a provision whereby the lessor took over responsibility for the conditions of the roof in question, the appellant failed to present legally sufficient evidence to establish knowledge on the part of Mr. D'Amico of the defective floor. Specifically, the evidence introduced by the appellant purports to show knowledge of the defect, but all of this evidence pertains to roof leaks and fails to establish that Mr. D'Amico knew or should have known that the supply room floor was defective.
In Jones v. Gatusso, a store clerk filed a negligence suit against the landlord of a building in which she worked, and its insurer, alleging that the building's floor, on which the clerk fell and injured herself, was defective. 00-1654 (La.App. 5 Cir. 2/14/01), 782 So.2d 11, 12. In Jones, the owner of the building moved for summary judgment on the grounds that he had no knowledge of the alleged defective condition. Id. Using La.Rev.Stat. 9:3221 in the analysis, the court held that the store clerk's employer agreed as a tenant of the building to keep its interior, including the floors, in good condition, even if the defective condition of the floor existed from the time the building was constructed, and thus, the tenant assumed liability for the building's defects, unless owner knew or should have known of defect or had received notice thereof and failed to remedy it within reasonable time. Id., 00-1654, 782 So.2d at 13-14.
In the instant case, Mr. D'Amico executed an affidavit and offered deposition testimony, which established that he did not frequent the building. The appellee also established that he did not talk to the tenant and/or the Marine Medical Unit employees. Mr. D'Amico had not visited the building since four months prior to the accident. Also, J. Carlyle Smith testified that prior to the plaintiff's accident, he had not observed or taken a report from anyone that there were any weak spots in the floor of the supply room where the accident occurred. Therefore, considering the law, evidence and testimony presented in the instant case, we find that the appellant failed to establish knowledge of the condition of the floor, and failed to produce factual support sufficient to establish that she could meet her burden of proof at trial.

RECONDUCTION
The appellant argues that there was no lessor-lessee relationship in existence at the time of the accident because the lease expired on or about September 30, 1998. Governor Claiborne Apartments, Inc. v. Attaldo, expresses the law relative to occupancy of leased premises after the lease expires as follows: "Under our Civil Code provisions based on these articles of the Code Napoleon, legal reconduction takes place when a fixed-term lease expires and the lessee without opposition continues to occupy the premises for more than a week." 256 La. 218, 223-24, 235 So.2d 574, 576 (1970), "The reconducted lease is actually a continuation of the lease under the same terms and conditions except that the fixed term or period of *166 duration in the old lease is voided and the reconducted lease is considered to be by the month." Id. In Governor, the Louisiana Supreme Court also provided that "[c]ontracts are not presumed, and therefore the option or right to renew a lease is never presumed and that the civil law has expressly recognized that occupancy of premises by a lessee after the expiration of a fixed-term lease constitutes reconduction. . . ." Id. Given that, while there was no written reconduction of the lease after September 30, 1998, J. Carlyle Smith continued to occupy the building and pay rent for several months thereafter. We find that under these particular circumstances, the lease was reconducted.
With that, we move to the appellant's argument that the district court's use of La.Rev.Stat. 9:3221 to grant immunity from suit was improper because of the contention that the lease was not reconducted. A decision as to the propriety of granting the motion must be made with reference to the substantive law applicable to the case. Mohsan v. Roule-Graham, 05-122 (La.App. 5 Cir. 6/28/05), 907 So.2d 804, 806, writ denied, 05-1976 (La.2/3/06), 922 So.2d 1184. Additionally, La.Rev.Stat. 9:3221 provides that "the owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time". Slaughter v. Coleman, 490 So.2d 570, 571 (La.App. 4 Cir.1986). The statute "was undoubtedly designed to relieve the owner of some of the burdens imposed upon him by law in cases where he had given dominion or control of his premises to a tenant under a lease." Id. To establish liability on the part of a lessor who has passed on responsibility for the condition of his property to his lessee under La.Rev.Stat. 9:3221, a plaintiff must establish that (1) he sustained damages; (2) there was a defect in the property; and (3) the lessor knew or should have known of the defect. Smith v. French Market Corp., 03-1412, p. 5 (La. App. 4 Cir. 10/6/04), 886 So.2d 527, 530, citing Robinson v. Archdiocese of New Orleans, 98-1238, p. 4 (La.App. 4 Cir. 3/31/99), 731 So.2d 979, 981.
La.Rev.Stat. 9:3221 was appropriately applied in the instant case. The lease was reconducted and a lessor/lessee arrangement was in place here. We find that because the lease was reconducted and the appellant failed to prove the existence of a genuine issue of material fact, the district court was correct in dismissing claims against Mr. D'Amico.

EXCEPTION OF NO CAUSE OF ACTION
The appellant assigns error to the district court's dismissal claims against LSEC, thereby sustaining LSEC's exception of no cause of action. The basis of the exception of no cause of action was that the allegations in the appellant's petition, specifically that LSEC was "improperly delegated" certain duties by Mr. D'Amico, were insufficient to state a cause of action; LSEC argued that there were no allegations of negligence nor any allegations of any actions or inactions on the part of LSEC. The appellant argues that the district court was incorrect in granting the exception, because LSEC undertook all responsibilities and functions to maintain the offending property and conduct necessary repairs, given to it by the owner, Mr. D'Amico.
The purpose of an exception of no cause of action is to test the sufficiency of the petition, questioning whether the *167 plaintiff's allegations, if taken as true, afford him a remedy at law. Johnson v. T.L. James & Co., 93-1170, p. 3 (La.App. 1 Cir. 4/8/94), 635 So.2d 744, 745. An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Industrial Cos., Inc. v. Durbin, 02-0665, p. 7 (La.1/28/03), 837 So.2d 1207, 1213; Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007, 1018 (La.1993).
In the instant case, the appellant failed to establish under the factual allegations of the petition that the law extends a remedy to her against Mr. D'Amico. LSEC carried out the maintenance, repair and reconstruction project of the subject building. While the appellant alleged that LSEC was "improperly delegated" the duty to inspect, maintain, and supervise the building in question, this does not amount to the statement of a claim of negligence on the part of LSEC. Accordingly, we hold that the district court properly granted the exception of no cause of action, dismissing claims against LSEC.

DECREE
Accordingly, we conclude that the motion for summary judgment was properly granted and that the district court correctly sustained the exception of no cause of action. The judgment of the trial court is therefore affirmed.
AFFIRMED.