DENNIS R. BAGNERIS, SR., Judge.
11 This appeal is between two, third-party defendants. The district court granted the Appellee’s, E.T.I.’s. Exception of Prescription. The Appellant, the City of New Orleans, through the New Orleans Aviation Board (the NOAB), appeals the judgment *1270 of the district court denying its Motion to Reconsider Judgment and alternatively, Motion for New Trial. We affirm.
E.T.I., under contract with NOAB, performed repairs to the residence of Frances Orlando and Nicholas Reggio, the plaintiffs. The plaintiffs alleged in their Petition for Damages that they were injured when Mrs. Orlando stepped on glass that E.T.I. failed to clean up after repairs causing her severe bodily injury.
The Plaintiffs filed a Petition for Damages on March 7, 2003 naming both E.T.I. and the NOAB as defendants. The City of New Orleans was served on March 26, 2003 and on February 27, 2006 it filed a Third Party Demand against E.T.I., seeking contribution for damages arising out of plaintiffs claim. E.T.I. filed an Exception of Prescription on May 12, 2006 that was granted by the district court on July 26, 2006. On August 1, 2006, the NOAB filed a Motion to Reconsider that was denied on October 3, 2006. This timely appeal follows.
|2In the instant appeal, the NOAB avers that the district court erred in granting the Exception of Prescription because the NOAB’s causes of action based upon tort and/or implied contractual indemnity do not accrue until the indemnitee is cast in judgment.
The NOAB maintains that there existed a quasi-contract between it and E.T.I. based upon the theory of implied contractual indemnity. It argues that E.T.I. would be unjustly enriched if it fails to pay for the loss and that considering the relationship between the parties there is a ten-year prescription period.
E.T.I. counters that the prescriptive period is one year since the action arises out of tort and not contract. E.T.I. maintains that the NOAB filed its third party demand three years after the NOAB was served with the main demand. Further, E.T.I. argues that indemnity contracts between a public entity and contractors are prohibited by law under LSA-R.S. 38:2216(G) [1].
We must first classify the third party demand against E.T.I. by the NOAB in order to determine what prescriptive period applies. Clearly, the plaintiffs, Frances Orlando and Nicholas Reggio, filed suit in tort alleging negligence against E.T.I. and the NOAB. “Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage.” LSA-C.C. Art. 3J/.9
 | ¡^Approximately three years later, the NOAB seeks contribution from E.T.I. under the theory of contract. “A contract of indemnity whereby the indemnitee is indemnified against the consequences of his own negligence is strictly construed, and such a contract will not be construed to indemnify an indemnitee against losses *1271 resulting to him through his own negligent acts unless such an intention is expressed in unequivocal terms.” Soverign Ins. Co. v. Texas Pipe Line Co., 488 So.2d 982 (La.1986); Polozola v. Garlock, 343 So.2d 1000 (La.1977); Berry v. Orleans Parish School Bd., 2001-3283 (La.5/21/02), 830 So.2d 283.
In the instant matter, the record reveals that there is no language in the contract whereby the NOAB specifically holds E.T.I. harmless of any liabilities because no such provision exists. The NOAB’s argument that a quasi-contract existed between the parties is without merit. This court will not conclude that indemnity was implied and that the district court erred in not finding that there was an implied indemnity clause. The NOAB had ninety days to seek indemnification and failed to do so. According to La. C.C.P. art. 1067, a third-party demand is to be filed within ninety days from service of the main demand.
Decree
We affirm the judgment of the district court denying the City of New Orleans through the New Orleans Aviation Board’s Motion to Reconsider Judgment, and in the alternative, Motion for New Trial and find that there was no error by the district court in granting E.T.I.’s Exception of Prescription.
AFFIRMED.

. It is hereby declared that any provision contained in a public contract, other than a contract of insurance, providing for a hold harmless or indemnity agreement, or both, (1) From the contractor to the public body for damages arising out of injuries or property damage to third parties caused by the negligence of the public body, its employees, or agents, or, (2) From the contractor to any architect, landscape architect, engineer, or land surveyor engaged by the public body for such damages caused by the negligence of such architect, landscape architect, engineer, or land surveyor is contrary to the public policy of the state, and any and all such provisions in any and all contracts are null and void.