978 So.2d 475 (2008)
Cheryl MOORE, Kim Wattingney and Henry Martin
v.
KENILWORTH/KAILAS PROPERTIES and Colony Insurance Company.
No. 2007-CA-0346.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 2008.
*476 Joseph B. Morton III, Duplass Zwain Bourgeois Morton Pfister & Weinstock, Metairie, LA, for Dr. Dion L. Armstrong d/b/a Armstrong Family Clinic and St. Paul Fire and Marine Insurance Company.
Andre' C. Gaudin, Lucie Thornton, Burglass & Tankersley, L.L.C., Metairie, LA, for Kailas Management, L.L.C. and Colony Insurance Company.
(Court composed of Judge CHARLES R. JONES, Judge EDWIN A. LOMBARD, and Judge LEON A. CANNIZZARO JR.).
CHARLES R. JONES, Judge.
A third party plaintiff seeks review of the district court's denial of its motion for summary judgement. We affirm.

STATEMENT OF THE FACTS
This is a claim for contractual indemnity brought by the defendants/third party plaintiffs, Kailas Management ("Kailas") and its insurer, Colony Insurance Co. ("Colony"), against third party defendants, Dr. Dion L. Armstrong d/b/a Armstrong Family Clinic and its insurer, St. Paul Fire and Marine Insurance Company ("St. Paul").
The Armstrong Family Clinic was located in the Kenilworth Professional Bldg., at 6560 Morrison Ave., Ste. 100, in New Orleans East. The office space was leased by Kailas to Dr. Armstrong pursuant to a professional building lease. The said lease, signed personally by Dr. Armstrong on February 10, 1997, contained an Indemnification Agreement whereby Dr. Armstrong agreed to indemnify Kailas against *477 any and all claims involving bodily injury, except claims resulting from the sole negligence of Kailas. The provision reads as follows:
The tenant shall indemnify and hold the Landlord, its agents, servants, and employees, harmless from and against all claims, damages, losses, and expenses, including reasonable attorneys fees, resulting in bodily injury, disease or death, or to injury or destruction of tangible property other than the Building, including loss of use, other than claims, damages, losses, and expenses resulting from the sole negligence of the Landlord, its agents, servants, or employees.
The lease also specified that Kailas assumed all responsibility for repairs to the air conditioning system after notice was given by Dr. Armstrong. Specifically, the lease provides:
The tenant shall give the Landlord prompt notice of any needed repairs to the plumbing, heating, or air conditioning, or electrical lines located, servicing or passing through the Leased Premisis. Following the notice, the Landlord shall make the appropriate repairs with due diligence and at its expense, unless the repairs were necessitated by damage or injury attributable to the tenant, its servants, agents, employees, invitees, or licenses . . .
The plaintiffs, Cheryl Moore, Kim Wattingey, and Henry Martin, were involved in an accident in the Armstrong Family Clinic on June 3, 1998. The petition alleges that the plaintiffs were guest patrons at Dr. Armstrong's office at the property located at 6560 Morrrison Rd., when suddenly and without warning, the ceiling collapsed onto them, causing bodily injuries.
Suit was filed on November 3, 1998, by the plaintiffs against Kailas and Colony for injuries that the plaintiffs sustained in the accident.
On October 6, 2000, Kailas and the Colony filed a third party demand against Dr. Armstrong and St. Paul seeking indemnification pursuant to the lease agreement between Dr. Armstrong and Kailas.
On November 9, 2001, Dr. Armstrong filed a motion for summary judgment in which he asserted that there was no evidence to suggest that the "accident occurred as a result of any action or inaction of any party other than Kailas and its personnel." In his supporting memorandum, Dr. Armstrong maintained that he properly reported the air conditioning leak and took every precaution to protect his employees and patients while they were on the premises, in spite of the conditions caused by the air conditioning leak. Dr. Armstrong asserted that he was entitled to a summary judgment because Kailas did not provide any evidence to suggest that the incident occurred as a result of the negligence of any other party.
Following a hearing on Dr. Armstrong's motion for summary judgment, the district court granted the motion.
However, while the issue concerning the third party demand was on appeal, the underlying case concerning the claims of the principal plaintiffs proceeded to trial on September 9-17, 2002.
At the close of trial, the jury returned a verdict for the plaintiffs and assigned 90% of the fault to Kailas and 10% to Dr. Armstrong. Judgment was rendered accordingly on October 10, 2002.
Because Dr. Armstrong had been dismissed from trial, neither he nor St. Paul were present at the trial.
Subsequently, on October 23, 2002, this Court, in opinion No. 2002-CA-1144, reversed the district court's grant of summary judgment in favor of Dr. Armstrong. *478 This Court concluded that the allocation of fault between Dr. Armstrong and Kailas was a question of fact, which could not be determined on summary judgment.
On October 29, 2002, Kailas and Colony filed their first motion for summary judgment, seeking to enforce the indemnity provision of the contract. They maintained that the jury's verdict established Dr. Armstrong's obligation of indemnity. Dr. Armstrong opposed Kailas' and Colony's motion. A hearing on the motion for summary judgment was set for February 7, 2003.
On March 3, 2003, the district court denied Kailas' and Colony's first motion for summary judgment. Kailas and Colony filed an application for supervisory writs, but this Court denied the writ application on April 7, 2003. Subsequently, they filed an application for writ of certiorari, but the Supreme Court also denied the writ application on June 20, 2003.
It is important to note, that while Kailas and Colony were pursuing their claim related to indemnification, they were also appealing the judgment from the trial on the merits. This Court, in appeal number 2003-CA-0738, affirmed the district court's apportionment of fault on the basis that Dr. Armstrong could have made the necessary repairs himself and deducted the cost of repairs from his rent. This Court also affirmed the jury's finding that Kailas was 90% at fault.
Kailas and Colony filed an application for a writ of certiorari with the Supreme Court concerning the original jury verdict. On April 2, 2004, the Supreme Court denied their writ application. Kailas and Colony subsequently reached a settlement agreement with the plaintiffs in which they paid 90% of the judgment, plus applicable interest and costs, in satisfaction of the judgment rendered.
On June 4, 2005, Dr. Armstrong and St. Paul filed a motion for summary judgment in which they argued that they did not owe indemnification to Kailas and Colony. They argued that due to this Court's ruling and interpretation of the lease agreement in this Court's earlier decision in opinion No. 2002-CA-1144, that said ruling was the law of the case.
Dr. Armstrong and St. Paul also asserted that under Louisiana jurisprudence concerning contract interpretation, they were not obligated to provide indemnity to Kailas and Colony.
In response to Dr. Armstrong's and St. Paul's motion for summary judgment, Kailas and Colony filed their second motion for summary judgment in which they asserted that they were entitled to indemnification pursuant to the lease agreement.
The motions were set for hearing on September 16, 2005. However, Hurricane Katrina and its aftermath delayed the hearing. Kailas and Colony filed a motion to have the hearing reset, and it was scheduled for March 10, 2006.
The hearing proceeded as scheduled and the matter was taken under advisement.
On April 11, 2006, the district court issued a judgment finding in favor of Dr. Armstrong and St. Paul, and against Kailas and Colony. The judgment also denied Kailas' and Colony's motion for summary judgment. However, the judgment was silent with respect to whether the motion for summary judgment filed on behalf of Dr. Armstrong and St. Paul was granted.
The parties consulted with the district court for clarity on the judgment. A hearing was scheduled for September 29, 2006, to address Dr. Armstrong's and St. Paul's motion for summary judgment.
At the hearing, the district court indicated that it was the district court's intention to grant Dr. Armstrong's and St. Paul's *479 motion for summary judgment in the April 6, 2006, judgment. The district court issued a new judgment in which it specifically granted Dr. Armstrong's and St. Paul's motion for summary judgment on October 9, 2006. Following the granting of the summary judgment, Kailas and Colony filed the instant appeal.
In their sole assignment of error, Kailas and Colony argue that the district court erred in denying its motion for summary judgment.

DISCUSSION
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Duncan v. U.S.A.A. Ins. Co., 2006-363, p. 3-4 (La.11/29/06), 950 So.2d 544, 547; Schroeder v. Board of Supervisors of Louisiana State Univ., 591 So.2d 342, 345 (La.1991). Summary judgment is appropriate when there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ. Proc. art. 966(B). Summary judgment is favored under our law and shall be construed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ. Proc. art. 966(A)(2).
For purposes of a summary judgment, "a fact is material when its existence or non-existence may be essential to the plaintiff's cause of action under the applicable theory of recovery." Windham v. Murray, XXXX-XXXX, p. 3 (La.App. 4 Cir. 5/30/07), 960 So.2d 328, 331. For purposes of insurance cases, "a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of a legal dispute." Jamison v. D'Amico, XXXX-XXXX, p. 4 (La. App. 4 Cir. 3/14/07), 955 So.2d 161, 164, citing, Hines v. Garrett, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765.
In the present matter, Kailas and Colony argue that the lease agreement, as written, requires Dr. Armstrong and St. Paul to indemnify them for the injuries claimed by the plaintiffs. Kailas and Colony assert that the plain language of the contract reads that "all claims, damages, losses, and expenses" are to be indemnified by Dr. Armstrong since the provision was triggered at the time the plaintiffs' injuries occurred, in part, through Dr. Armstrong's negligence. They also maintain that the intent of the parties is evident from the words of the contract, and that the present issue concerns whether the conditions, which triggered the indemnity obligation, exist.
Kailas and Colony also assert that the lease between it and Dr. Armstrong provides for Dr. Armstrong and St. Paul to indemnify Kailas from all claims, except those resulting from the sole negligence of Kailas. Kailas and Colony note that the jury conclusively determined that the plaintiffs' injuries resulted from the combined negligence of Kailas and Dr. Armstrong. Based on the jury's apportionment of fault to Dr. Armstrong, Kailas and Colony urge that the district court "abused its discretion" by denying their motion for summary judgment in which they sought enforcement of the indemnity provision in the lease.
They aver that there is no dispute that the one factor which triggered Dr. Armstrong's indemnity obligation exists. Citing, Berry v. Orleans Parish School Bd., XXXX-XXXX (La.5/21/02), 830 So.2d 283, Kailas and Colony maintain that public policy disfavors indemnification of a party that is solely responsible for causing damages. Berry, 830 So.2d at 286. They also point out that Dr. Armstrong would not be obligated to indemnify Kailas if the plaintiffs' injuries had been caused by Kailas' sole *480 negligence. Kailas and Colony argue that since they are not solely negligent, Dr. Armstrong and St. Paul are required to indemnify Kailas and Colony for all other claims which result, at least in part, from the negligence of other parties.
Kailas and Colony further argue that the jury's finding conclusively established that the plaintiffs' injuries were not caused by the sole negligence of Kailas, but through the combined negligence of Kailas and Dr. Armstrong, and thus served to trigger the indemnity clause in favor of Kailas.
Dr. Armstrong and St. Paul argue that no indemnification is owed because Dr. Armstrong's liability was qualified at trial and that this Court's earlier opinions in this matter serve as the law of the case. We agree.
Our de novo review of the record establishes that Dr. Armstrong and St. Paul are correct in their argument that the law of the case doctrine applies in the instant matter with regard to this Court's earlier opinion. In Landry v. Blaise, Inc., XXXX-XXXX (La.App. 4 Cir. 10/23/02), 829 So.2d 661, we stated:
The law of the case principle embodies the rule that an appellate court will not reconsider its own rulings of law in the same case. Lejano v. Bandak, 97-388, p. 23 (La.12/12/97); 705 So.2d 158, 170. This jurisprudential doctrine, as opposed to the statutory provision of res judicata, is discretionary. The doctrine is not applicable "in cases of palpable error or when, if the law of the case were applied, manifest injustice would occur." Id. (citing Vincent v. Ray Brandt Dodge, 94-291 (La.App. 5 Cir. 3/1/95), 652 So.2d 84, 85, writ denied 95-1247 (La.6/30/95), 657 So.2d 1034, citing Landry v. Aetna Ins. Co., 442 So.2d 440 (La.1983).)
Id., p. 9, 829 So.2d at 664. Therefore, this Court must rely on the law in the case in the instant matter.
As discussed earlier, in opinion No. 2002-CA-1144, we reversed the district court's grant of summary judgment in favor of Dr. Armstrong and St. Paul and determined that the allocation of fault between Dr. Armstrong and Kailas was a question of fact, which could not be determined on summary judgment. Subsequently, this Court upheld the jury's apportionment of fault between Dr. Armstrong and St. Paul and Kailas and Colony in opinion No. 2003-CA-0738.
However, in the matter sub judice, Kailas and Colony assert that the jury's allocation of fault was sufficient to trigger the contractual indemnity obligation. They also aver that the only issue in dispute is whether the indemnity provision, as written, is enforceable under the applicable law and jurisprudence based upon the combined negligence of Kailas and Dr. Armstrong.
Under Louisiana jurisprudence, indemnity agreements require strict interpretation. Particularly, in Reggio v. E.T.I., XXXX-XXXX (La.App. 4 Cir. 6/13/07), 961 So.2d 1269, this Court held:
A contract of indemnity whereby the indemnitee is indemnified against the consequences of his own negligence is strictly construed, and such a contract will not be construed to indemnify an indemnitee against losses resulting to him through his own negligent acts unless such an intention is expressed in unequivocal terms. Soverign Ins. Co. v. Texas Pipe Line Co., 488 So.2d 982 (La. 1986); Polozola v. Garlock, 343 So.2d 1000 (La.1977); Berry v. Orleans Parish School Bd., XXXX-XXXX (La.6/21/02), 830 So.2d 283.
Reggio, XXXX-XXXX, p. 3, 961 So.2d at 1270-1271.
*481 Our review of the indemnity provision in this matter does not establish an unequivocal or unambiguous requirement of indemnification to Kailas and Colony for Kailas' own negligent acts. We note especially that for this Court to conclude otherwise, would not only be akin to ignoring the law of the case, but it would also make the jury's allocation of fault inconsequential, and further, it could also open the door for Kailas and Colony to proceed with an action to obtain full reimbursement from Dr. Armstrong and St. Paul for the monies they paid to the plaintiffs for their 90% allocation of fault.
Considering that the trial on the merits resulted in a jury verdict which determined that Dr. Armstrong and his insurer St. Paul were 10% at fault, and that Kailas and Colony were 90% at fault, and further considering that this Court upheld the jury's apportionment of fault, we conclude that Dr. Armstrong and St. Paul are therefore only responsible for the percentage of fault they were apportioned after the trial on the merits.[1]
Therefore, based on our review of the record, we find that Kailas and Colony's assignment of error does not have merit and conclude that the district court was correct in granting Dr. Armstrong's and St. Paul's motion for summary judgment as to the non enforcement of the subject indemnity provision because this Court's earlier opinions are the law of the case.

DECREE
For the reasons stated herein, we affirm the district court's judgment which granted Dr. Armstrong's and St. Paul's motion for summary judgment.
AFFIRMED.
CANNIZZARO, J., concurs in the result with reasons.
I concur with the majority's result, but I write separately to address my reasons why the district court's judgment granting summary judgment in favor of the appellees, Dr. Dion L. Armstrong, d/b/a Armstrong Family Clinic, and its insurer, St. Paul Fire and Marine Insurance Company, should be affirmed.
The majority concludes this court's upholding of the jury's apportionment of fault between Dr. Armstrong and Kailas Management ("Kailas") to be law of the case, a policy where "courts of appeal generally refuse to reconsider their own ruling of law on a subsequent appeal in the same case." Pumphrey v. City of New Orleans, 05-979, p. 7 (La.4/4/06), 925 So.2d 1202, 1207. Notwithstanding its conclusion that Dr. Armstrong is ten-percent percent (10%) at fault, the majority finds the indemnity provision of the lease agreement to be ambiguous and, thus, unenforceable as to Kailas' own negligent acts. Based on such, it affirms the district court's grant of summary judgment in favor the appellees.
I agree the appellees can not be held accountable for any portion of the plaintiffs' damages, but for different reasons. The appellees were not a party to or present at the September 2002 trial on the merits, where a jury apportioned Dr. Armstrong with ten-percent (10%) fault. As such, the appellees were never afforded the opportunity to present their case in defense of the claims of negligence. This denial of due process eliminates the need for this court, in order to affirm the trial court's grant of summary judgment in favor of the appellees, to unnecessarily rewrite or stretch the language of the indemnity provision of the lease, which is *482 irrefutably clear and unambiguous. Moreover, the constitutional due process violation renders the law of the case doctrine to be inappropriate under the facts. It is undisputed the doctrine is inapplicable in cases where there is palpable error in the former ruling or, if mechanically applied, would lead to manifest injustice. See, Petition of Sewerage & Water Board of New Orleans, 278 So.2d 81 (La. 1973); Arnold v. Board of Levee Commissioners of Orleans Levee Dist., 359 So.2d 748, 749 (La.App. 4th Cir.1978).
NOTES
[1] As stated earlier in our discussion, Kailas and Colony have already satisfied their 90% apportionment of fault with respect to the plaintiffs.