995 So.2d 670 (2008)
Paulette M. STALL
v.
STATE FARM FIRE AND CASUALTY COMPANY, RSUI Indemnity Company, Historic Restoration, Inc., The Bakery Condominium Association, Inc., and Troy Dupuis.
No. 2008-CA-0649.
Court of Appeal of Louisiana, Fourth Circuit.
October 29, 2008.
Rehearing Denied December 22, 2008.
*672 David A. Binegar, Binegar Christian, New Orleans, Louisiana, for Plaintiff/Appellant.
James M. Garner, Darnell Bludworth, Ellen Pivach Dunbar, Ryan O. Luminais, Sher Garner Cahill Richter Klein & Hilbert, L.L.C., New Orleans, Louisiana, for RSUI Indemnity Company and Historic Restoration, Inc.
Thomas P. Hubert, Robert L. Walsh, Joseph F. Lavigne, Jones Walker Waechter Poitevent Carrere & Denegre, L.L.P., New Orleans, Louisiana, for The Bakery Condominium Association, Inc. and Troy Dupuis.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR.)
JAMES F. McKAY III, Judge.
The plaintiff, Paulette M. Stall, appeals the trial court's granting of exceptions of no right of action and no cause of action in favor of the defendants, RSUI Indemnity Company (RSUI), Historic Restoration, Inc. (HRI), The Bakery Condominium Association, Inc. (the Association), and Troy Dupuis, the Association's president. We affirm.

FACTS AND PROCEDURAL HISTORY
HRI is a New Orleans based corporation in the business of reviving historic properties and placing them back into commerce as either residential or hotel properties. In 2005, HRI procured an insurance policy from RSUI to cover numerous properties it had restored in New Orleans. The Bakery Condominiums, which HRI managed until 2006, was included as a scheduled property on this policy.
During Hurricane Katrina, a number of the insured properties, including The Bakery Condominiums, were damaged. HRI, as the named insured, made a claim for damages with RSUI and later filed suit against RSUI but ultimately entered into a settlement agreement with the insurer.[1] Thereafter, HRI's public adjuster, Stephen Figlin, allocated the proceeds received pursuant to the settlement agreement among the covered properties, including The Bakery. The Bakery Condominium Association, as trustee on behalf of the unit owners of The Bakery, then divided its share of the insurance proceeds among the individual condominium owners that had sustained damages.
Paulette M. Stall owned a condominium in the Bakery, which sustained damage from Hurricane Katrina. In connection with HRI's lawsuit against RSUI, Ms. Stall gave a deposition and provided documentation of her damages from Hurricane Katrina. However, Ms. Stall was dissatisfied with the amount of insurance proceeds *673 that she ultimately received from the Association's allocation of proceeds from HRI's settlement with RSUI. Ms. Stall purchased her separate condominium unit owner's policy through State Farm Fire and Casualty Company (State Farm). Ms. Stall made a claim on this policy but alleges that State Farm undervalued her claim.
On August 28, 2007, Ms. Stall filed suit against State Farm, RSUI, HRI, the Bakery Condominium Association and Troy Dupuis. Ms. Stall alleged that HRI lacked the authority to negotiate a settlement on behalf of the Association. She contended that the Association improperly abdicated this role to HRI. She further alleged that HRI was negligent by entering into a settlement agreement on her behalf without her approval, and that such alleged negligence resulted in the undervaluation of her damages. Ms. Stall also alleged that RSUI breached the policy of insurance in settling with HRI. Finally, Ms. Stall also makes numerous allegations against State Farm.[2]
HRI and RSUI filed exceptions of no right of action, no cause of action and improper cumulation of actions including improper joinder of parties. The Association and Troy Dupuis also filed exceptions of no right of action and no cause of action. State Farm filed an exception of improper cumulation of actions. On March 10, 2008, the trial court granted all of these exceptions. Ms. Stall appeals the trial court's granting of the exceptions of no right of action and no cause of action in favor of HRI, RSUI, the Association and Troy Dupuis.

DISCUSSION
The essential function of the peremptory exception of no right of action is to test whether the plaintiff has a real and actual interest in the suit. La. C.C.P. art. 927(A)(5). Its purpose is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. It assumes that the petition states a valid cause of action and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. Wirthman-Tag Construction Co., L.L.C. v. Hotard, 2000-2298, 2000-2299, pp. 3-4 (La.App. 4 Cir. 12/19/01), 804 So.2d 856, 859 citing Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n, (La. 11/30/94), 646 So.2d 885, 888.
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. Cleco Corp. v. Johnson, XXXX-XXXX, p. 3 (La.9/18/01), 795 So.2d 302, 304. The exception is triable solely on the face of the petition and attached documents; no evidence may be introduced to support or controvert the exception. Spellman v. Desselles, 596 So.2d 843, 845 (La.App. 4 Cir.1992).

No Right of Action Against HRI
Ms. Stall asserts two causes of action against HRI in her petition, a declaratory judgment action seeking to nullify a portion of the settlement agreement entered in the insurance lawsuit and a negligence action seeking damages for HRI's purported breach of duty to Ms. Stall by entering into the settlement agreement. However, Ms. Stall has no judicially enforceable right of action against HRI for either stated cause. Ms. Stall is not a named insured under the RSUI property insurance policy in question. The RSUI policy specifically states that the named insured is "Historic Restoration, Inc." and further states "Name Incompleteas further defined in the Primary Policy." *674 HRI's primary policy, underwritten by Hartford Insurance Company, provides that the named insured is "Historic Restoration, Inc." and includes no further qualifiers. The Bakery is a scheduled property under the RSUI policy. Ms. Stall does not have any independent contractual relationship with HRI pursuant to which she has a right or interest to any proceeds recovered under the RSUI policy. Accordingly, Ms. Stall has no right of action against HRI for any settlement agreement entered by HRI with RSUI because her declaratory judgment action and negligence action against HRI are based on HRI's settlement agreement with RSUI.

No Right of Action Against RSUI
Ms. Stall has asserted two causes of action against RSUI, a declaratory judgment action seeking to nullify a portion of the settlement agreement entered in the insurance lawsuit and a breach of contract action seeking damages for RSUI's purported breach of contract for entering the settlement agreement. However, Ms. Stall has no judicially enforceable right of action against RSUI for either stated cause. Ms. Stall is not a named insured under the RSUI policy, nor does she have a contractual relationship with RSUI. Ms. Stall is also unable to show that she is a third-party beneficiary of the RSUI policy. This Court has repeatedly held that in order to establish a stipulation pour autrui[3] there must be a clear expression of intent to benefit the third party. Smith v. State Farm Ins. Cos., XXXX-XXXX, p. 5 (La.App. 4 Cir. 3/3/04), 869 So.2d 909, 913. Such an expression of intent does not exist in the instant case.

No Cause of Action Against HRI and RSUI
Ms. Stall's declaratory judgment action seeks a declaration that the settlement agreement entered between HRI and RSUI as it relates to The Bakery is null and void. A person is entitled to relief by declaratory judgment when his rights are uncertain or disputed in an immediate and genuine situation and declaratory judgment will remove that uncertainty or terminate that dispute. Dazet v. French Market Homestead, 533 So.2d 115, 116 (La.App. 4 Cir.1988). However, Ms. Stall's declaratory judgment action does not seek to establish her rights against HRI and RSUI, but seeks to establish the rights of the Association against HRI and RSUI. Because Ms. Stall has not sufficiently pled allegations as to a dispute between herself and HRI or RSUI, she has failed to state a cause of action for a declaratory judgment against HRI and RSUI.
Ms. Stall has also failed to state a cause of action for negligence against HRI. To validly state a cause of action for negligence, a plaintiff must allege that: (1) the defendant owed her a duty; (2) the defendant breached that duty; (3) the defendant's breach of its duty was the cause in fact of the plaintiff's damages; (4) the defendant's actions were the legal cause of the plaintiff's damages; and (5) the plaintiff suffered actual damages. Perkins v. Entergy Corp., XXXX-XXXX, XXXX-XXXX, XXXX-XXXX, p. 7 (La.3/23/01), 782 So.2d 606, 611. In the instant case, Ms. Stall has failed to allege that HRI owed her a duty. As such, Ms. Stall has failed to make a prima facie case for negligence against HRI.
*675 Ms. Stall has also failed to state a cause of action against RSUI for breach of contract. Ms. Stall failed to plead the existence of any contract executed either between the Association and RSUI or between herself and RSUI. Rather, she alleges that RSUI breached its obligations to "The Bakery" without establishing why RSUI was obligated to the Association in the first place. Ms. Stall does not allege that she contracted with RSUI personally, nor does she plead a cause of action on behalf of the Association. Accordingly, Ms. Stall has failed to plead a cause of action for breach of contract as she has failed to establish on the face of her petition that a contract between her and RSUI exists.

No Right of Action Against the Association and Troy Dupuis
In essence, Ms. Stall argues that the Association did not receive all of the insurance proceeds to which it was entitled, thereby hindering her ability to repair her condominium unit. Ms. Stall's argument is misguided because this alleged injury would be to the corporation and not to Ms. Stall directly. Even if plaintiff suffered an indirect loss, the courts have made it clear that a shareholder cannot assert an injury or loss as a separate claim; the claims must be asserted derivatively and not individually. Joe Conte Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 95-1630, p. 7 (La.App. 4 Cir. 2/12/97), 689 So.2d 650, 654; Sun Drilling Products Corp. v. Rayborn, XXXX-XXXX, p. 17 (La.App. 4 Cir. 10/3/01), 798 So.2d 1141, 1153. Because Ms. Stall has not brought an action derivatively on behalf of the Association, the trial court properly determined that she had no right of action against the Association or Troy Dupuis.[4]

No Cause of Action Against the Association and Troy Dupuis
Ms. Stall asserts that the Association and Mr. Dupuis had no authority to appoint an agent or mandatary to act on the Association's behalf when resolving the property damage claims covered under the RSUI policy. Ms. Stall does not allege that the Association did not have the right to adjust the claim with RSUI. Article X, Section 5 of the Declaration Creating And Establishing The Condominium Regime designates the Bakery Association as trustee for each unit owner with specific authority to adjust all claims and losses with any insurance carrier providing coverage to the property. The Association's board of directors, through its president, Mr. Dupuis, assigned HRI, the manager of the property, as its agent to complete the transaction at issue, as specifically authorized by the Association's Act of Declaration and By-Laws. Ms. Stall did not assert that the Association and Mr. Dupuis failed to act in the best interests of the Association and its members by appointing HRI to negotiate a settlement resolution of its insurance claim. HRI, as the manager of the property and the holder of the policy, was clearly knowledgeable about the property's damage, structural requirements, and other factors necessary to assess financial needs as part of the settlement with RSUI. The law is clear that one does not breach a fiduciary duty by acting in the best interest of the organization. See Foster v. Blackwell, 98-1654, 98-1655, pp. 31-32 (La.App. 3 Cir. 11/24/99), 747 So.2d 1203, 1220. Therefore, we agree with the trial court's determination that Ms. Stall has no cause of action against either the Association or Mr. Dupuis.

*676 CONCLUSION
After a careful de novo review of the record before this Court, we agree with the trial court that the plaintiff has no right of action or cause of action against HRI, RSUI, the Association or Troy Dupuis. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
MURRAY, J., Concurs In The Result.
TOBIAS J., Concurs and Assigns reasons.
TOBIAS, J., concurring and assigning reasons.
I respectfully concur in order to discuss one matter that the majority fails to address completely.
As noted in Smith v. State Farm Cos., 03-1580, p. 5 (La.App. 4 Cir. 3/3/04), 869 So.2d 909, 913, a clear expression of the intent to benefit a third party must be present in order to find the presence of a stipulation pour autrui in a contract. Obviously Ms. Stall benefited by the insurance that the condominium association had, but that benefit was not particular to her; rather the insurance was for the benefit of all condominium owners in multiple structures covered under the RSUI policy.
When an exception of no cause of action is sustained, the plaintiff must ordinarily be given the opportunity to amend his/her petition if a cause of action can be stated by an amendment unless no amendment would state a cause of action. La. C.C.P. art. 934.[1]Barnhill v. Remington Oil & Gas Corp., 06-0047 (La 5/5/06), 928 So.2d 539, 540.[2] After a detailed review of the record on appeal, I do not find that Ms. Stall will be able to amend her petition to state a cause of action against the appellees and thus we do not have to remand to allow her the opportunity to amend. At oral argument, the plaintiff's counsel asserted that Ms. Stall should be given an opportunity to amend, but failed to explain what additional facts might be asserted. In her brief, Ms. Stall failed to address what additional facts might be alleged that would clearly state a cause of action under the doctrine of stipulation pour autrui. Thus, we lack a showing of how Barnhill benefits this plaintiff.
NOTES
[1] HRI, et al v. RSUI Indemnity Company, No. 06-4990, Civil District Court, Parish of Orleans
[2] Ms. Stall's claims against State Farm are not before this Court at this time.
[3] A contractual provision that benefits a third party and gives the third party a cause of action against the promisor for specific performance. See La. C.C. art. 1978.
[4] Furthermore, because Mr. Dupuis was not identified as a defendant in the body of the petition, the plaintiff has no right of action against him.
[1] "When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court...."
[2] Lest the Louisiana Supreme Court's opinion in Barnhill be read too broadly, I refer the reader to the Court of Appeal's opinion such that one may better understand the circumstances where a person must be given the opportunity to amend his/her pleadings to state a cause of action. Barnhill v. Remington Oil & Gas Corp., 04-0725 (La.App. 4 Cir. 8/10/05), 918 So.2d 52.