BONIN, J.,
concurs with reasons.
Ill concur, reluctantly but practically, in the judgment.
This business, J.R.A., Inc., lost two buildings which were insured by Essex Insurance on the date of Hurricane Katrina. We are now virtually six years after the storm. I am uninterested in further *890 delaying the resolution of this matter on procedural niceties.
As the concurring opinion of JUDGE TOBIAS makes clear, the language of the judgment itself is deficient. There is no decretal language. “A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied.” Input/Output Marine Systems, Inc. v. Wilson Greatbatch, Technologies, Inc., 10-477, p. 13 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 916 (citations omitted). “The specific relief should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment.” Id. And in other circumstances we should probably follow the same course as the Input/Output court and dismiss the appeal without prejudice and remand for the issuance of a valid and appealable judgment. Id., p. 16, 52 So.3d at 917. But the parties gestalt-like both appealed what they identically perceived as the decree.
|2Because the parties do not have opposing contentions about what they each thought the judgment provided, and because of the ongoing economic and social impact from the storm, I find that this presents an exceptional circumstance warranting us to decide the case[1] as though the district judge had rendered a valid, final and appealable judgment which read: “IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, J.R.A., Inc., and against the defendant, Essex Insurance Company, in the full amount of FIVE HUNDRED SIXTY-FIVE THOUSAND AND NINE HUNDRED FOURTEEN & 58/100 ($565,914.58) DOLLARS, with interest from date of judicial demand until paid and for all costs of these proceedings.”
By positing this as the judgment to be reviewed by us, we recognize that which the parties informed us was stipulated in the trial court, but not reflected in the record, the judgment, or the reasons for the judgment: namely, that Allen Jaeger personally or individually had no right of action. See LA. C.C.P. ART. 927 A(6). Because he was not a named insured nor had he any other contractual relationship with Essex, we too had already noticed this failure to disclose a right or interest in Mr. Jaeger in the insurance proceeds. See LA. C.C.P. ART. 927 B; Stall v. State Farm Fire and Cas. Co., 08-0649, p. 5 (La.App. 4 Cir. 10/29/08), 995 So.2d 670, 674.
Further, by positing the foregoing as the judgment to be reviewed, we recognize that “the absence of written adjudication of a litigated issue is construed to mean that the claim is rejected.” Cotton v. Delta Queen Steamboat Co., Inc., 09-0736, p. 8 (La.App. 4 Cir. 1/6/10), 36 So.3d 262, 268. Thus, because the judgment “passed over in silence” J.R.A.’s demand for bad-faith penalties, we | ¡¡consider that demand rejected. R.G. Claitor’s Realty v. Juban, 391 So.2d 394, (La.1980). This rejected demand is the subject of J.R.A.’s appeal. *891 Whether an insurer’s conduct is “arbitrary, capricious, or without probable cause” is essentially a question of fact for the fact-finder. See Guillory v. Lee, 09-0075, p. 32 (La.6/26/09), 16 So.3d 1104, 1127. Whether I review the rejection of the bad-faith claim under the manifest error standard or the de novo standard, I conclude that there is no factual basis for the award of penalties. Although Essex’s initial calculation of the amount it owed to J.R.A. for its losses was wrong or incorrect in light of the ultimate determination of what was owed by Essex, Essex, in my view, had substantial, reasonable and legitimate questions in determining the amount which was due and which must be tendered. See, e.g., Ullah, Inc. v. Lafayette Ins. Co., 09-1566, p. 19 (La.App. 4 Cir. 12/17/10), 54 So.3d 1193, 1204.
Finally, I note that upon remand, if the district judge renders a valid judgment as set forth above, the parties will be protected by the law-of-the-case principle, as we have already expressed ourselves on the various particular issues, theories of recovery, causes of actions, and defenses. Unless one of the parties could demonstrate “palpable error” or “manifest injustice,” it is unlikely to obtain relief on appeal. The principle known as “the law of the case,” the exercise of which is discretionary, will likely guide us in determining whether to revisit issues which were decided by us today. See Lejano v. Bandak, 97-0388 (La.12/12/97), 705 So.2d 158. The law-of-the-case principle[2] refers to “(a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate court rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal [4in the same case.” Bank One, N.A. v. Velten, 04-2001, pp. 5-6 (La.App. 4 Cir. 8/17/05), 917 So.2d 454, 458 (emphasis added), citing Petition of Sewerage and Water Bd. of New Orleans, 278 So.2d 81, 83 (La.1973); see also Reed v. St. Charles General Hosp., 08-0430, pp. 9-10 (La.App. 4 Cir. 5/6/09), 11 So.3d 1138, 1145-46. This principle “may bar redetermination of a question of law or a mixed question of law and fact during the course of a judicial proceeding.” 1 Frank L. Maraist and Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure, § 6.7 (1999). The policy reasons behind this principle include avoidance of re-litigation of an issue, consistency of result in the same litigation, and promotion of efficiency and fairness to the parties “by affording a single opportunity for the argument and decision of the matter at issue.” Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 260 La. 325, 330, 256 So.2d 105, 107 (La.1971); Bank One, supra. But, while the law-of-the-case principle as a general rule precludes reconsideration of a court’s previous determination of an issue on a prior appeal, the principle is inapplicable in cases of palpable error or where manifest injustice would occur. Keaty v. Raspanti, 96-2839, p. 4 (La.App. 4 Cir. 5/28/97), 695 So.2d 1085, 1087; Moore v. Kenilworth/Kailas Properties, 07-0346, p. 8 (La.App. 4 Cir. 2/13/08), 978 So.2d 475, 480.
*892 Thus, as a practical matter, our ruling today on all of these issues, subject to remand and to the discretionary application of the law-of-the-case principle, likely brings the matter to an earlier conclusion than some other course of action.[3] I, therefore, concur.

. While we might technically not have authority for appellate review, we most certainly could exercise our plenary supervisory power which includes the power to render any judgment which is just, legal and proper. See La. Const. Art. V, § 10(A); La. C.C.P. Arts. 2164 and 2201; Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981) ("A court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, according to the discretion of the court.”); Livingston Downs Racing Ass'n v. Louisiana State Racing Comm., 96-1215 (La.App. 4 Cir. 6/5/96), 675 So.2d 1214.

. Reed v. St. Charles General Hosp., 08-0430, pp. 9-10 (La.App. 4 Cir. 5/6/09), 11 So.3d 1138, 1145, refers to it as both a "doctrine” and a "principle”; Bank One, N.A. v. Velten, 04-2001, p. 5 (La.App. 4 Cir. 8/17/05), 917 So.2d 454, 458, refers to it as a "doctrine”; Jones v. McDonald's Corp., 97-2287, p. 4 (La.App. 1 Cir. 11/6/98), 723 So.2d 492, 494, calls it a “principle”; Keaty v. Raspanti, 96-2839 (La.App. 4 Cir. 5/28/97), 695 So.2d 1085, 1087, calls it a "doctrine"; Moore v. Kenilworth/Kailas Properties, 07-0346, p. 8 (La.App. 4 Cir. 2/13/08), 978 So.2d 475, 480, calls it a "doctrine,” and a "principle,” 07-0346, p. 8, 978 So.2d at 480.

. One might expect that having to meet the higher threshold of “palpable error” or "manifest injustice” on a subsequent appeal, a party might consider the effect of damages for frivolous appeal. See La. C.C.P. Arts. 2133 and 2164.