782 So.2d 11 (2001)
Linda JONES
v.
Ray GATUSSO and Marie Gatusso, Kent Coast Victory Development and Reliance Insurance Company.
No. 00-CA-1654.
Court of Appeal of Louisiana, Fifth Circuit.
February 14, 2001.
*12 Steven M. Koenig, Valteau, Harris, Koenig & Mayer, New Orleans, LA, Counsel for, Linda Jones, Plaintiff-Appellant.
Patricia A. Traina, Berrigan, Litchfield, Schonekas, Mann, Traina & Thompson, LLC, New Orleans, LA, Counsel for Victory Gretna, LLC and Reliance Insurance Company, Defendants-Appellee.
Panel composed of Judges CANNELLA, McMANUS and ROTHSCHILD.
ROTHSCHILD, Judge.
In this slip and fall case, plaintiff appeals from a decision of the trial court granting summary judgment in favor of defendants. Finding no error of the trial court, we affirm.
Plaintiff,[1] Linda Jones, was employed by Winn-Dixie Louisiana, Inc. as a seafood clerk. She was injured on October 25, 1996 when she slipped and fell on the floor in the store's seafood department. Ms. Jones subsequently brought this suit for damages against the owner of the building where the store was located and its insurer, Reliance Insurance Company, alleging that the floor was defective and the owners were thus liable for her injury.[2] Defendants filed an answer and third party demand alleging that at the time of the accident the building was under the control of Winn-Dixie. Victory Gretna and Reliance further argued that pursuant to the building owner's lease agreement with Winn-Dixie they were entitled to indemnity from Winn-Dixie for any liability to plaintiff in this case.
On March 23, 2000, Victory Gretna and Reliance moved for summary judgment. Winn-Dixie, third-party defendant, joined in this motion. By judgment dated July 19, 2000, the trial court granted the summary judgment and dismissed Reliance Insurance Company and Victory Gretna, LLC from the lawsuit. This devolutive appeal followed.
The primary issue presented for our review is whether, as a matter of law, the lease agreement executed by the parties released the landlord from liability for plaintiff's injuries in this case.
Appellate courts review summary judgments de novo, using the same criteria that govern trial court consideration of whether summary judgment is appropriate. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La. 1991). A motion for summary judgment shall be granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966.
Article 966 was amended in 1997 to add Paragraph C(2) which provides:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out *13 to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial there is no genuine issue of material fact.
Under the law, once a summary judgment is properly made, the plaintiff may not rest on the allegations of the pleadings but must present evidence of specific material facts which are in dispute and which, if true, would indicate liability on the part of the defendant. LSA-C.C.P. Art. 967; Orillion v. Alton Ochsner Medical Foundation, 97-115 (La.App. 5 Cir. 5/28/97), 695 So.2d 1063, 1064, writ denied, 97-1725 (La.10/13/97), 703 So.2d 617.
In the present case, plaintiff alleged negligence based on strict liability, and is therefore required to prove the following elements: (1) that the defendant knew or should have known of the vice or defect; (2) that the damage could have been prevented by the exercise of reasonable care; and (3) that the defendant failed to exercise such reasonable care. Carr v. Wal-Mart Stores, Inc., 00-896 (La.App. 5 Cir. 11/02/00), 772 So.2d 865.
Plaintiff contends that under Civil Code art. 2322, the owner of the building, Victory Gretna, is liable for the defective condition of the floor. Plaintiff further contends that the lease agreement between Winn-Dixie and Victory Gretna failed to provide that Winn-Dixie assumed liability for the condition of the floor. Thus, plaintiff argues that there remain issues of fact as to the landlord's liability in this matter. Specifically, plaintiff argues that the issue of the landlord's knowledge of the defective condition is an issue of fact which must be resolved by a trial on the merits.
In its motion for summary judgment, defendants contend that Winn-Dixie assumed liability for defects in the building. Defendants rely on LSA-R.S. 9:3221, which provides:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
On April 19, 1995, Victory Gretna entered into a lease agreement with Winn-Dixie for the use of the store building where the accident occurred. At the time of plaintiff's accident, the lease agreement was in full force and effect. Section 11 of that agreement provides in pertinent part:
Upon completion of construction by Landlord and acceptance of the demised premises by Tenant, Tenant agrees to keep the interior and exterior of the demised premises in good condition and repair.
Defendants contend that by this provision of the lease and in accordance with LSA-R.S. 9:3221, Victory Gretna contractually relinquished responsibility for any alleged defects within the building. We agree.
The provisions of the lease agreement are clear and unambiguous. Winn-Dixie agreed as tenant of the building to keep the interior of the building, including the floors, in good condition. Although plaintiff contends that the defective condition of the floor existed from the time the building was constructed, the lease agreement nevertheless clearly provides that the tenant agrees to maintain the *14 floors in good condition and is applicable in the present case.
In addition, plaintiff has failed to submit any affirmative evidence of an essential element of the claim, i.e., defendant's knowledge of the defect. Based on negligence principles, plaintiff has the burden to prove defendant had knowledge of an alleged defect. Further, pursuant to LSA-R.S. 9:3221, the provisions of the lease releasing the landlord from liability are valid unless the owner had knowledge of the defect.
In support of the motion for summary judgment, defendants submitted the affidavit of Victory Gretna's property manager, Laura Murrah, who stated that on the date of plaintiff's accident, Victory Gretna did not have custody of the interior area of the store and that Victory Gretna had no knowledge of any alleged defect in the flooring of the seafood department within the store.
Plaintiff submitted the deposition testimony of Richard Brown, the store manager at the time of the accident, who stated that the floor in the seafood department became slippery when wet. However, he stated that he did not inform the owners of the building either verbally or in writing of the alleged condition of the floors. He also stated that there were not a large number of falls occurring in this area. This testimony fails to show knowledge of any defective condition on the part of Victory Gretna.
Further, plaintiff submitted the affidavit of Wilfred Gallardo, a safety consultant who examined the floor on June 13, 2000, almost four years after plaintiff's accident. Although he stated that at the time of the inspection the floor in the seafood department was unsafe, this evidence also fails to show any knowledge on the part of Victory Gretna that the floor was defective at the time of plaintiff's accident.
Plaintiff argues that the landlord knew the condition of the floor because the landlord constructed the building and chose the type of floor tile which was used in the seafood department. We find no merit in this argument. The fact that Victory Gretna constructed the building fails to show that they were aware of this alleged defect in the building. There are no depositions, affidavits, admissions, or answers to interrogatories on file which show that defendant had knowledge or should have had knowledge of the alleged defect. In fact, Victory Gretna submitted to the trial court an unrefuted affidavit stating that they had no knowledge of any defective condition of the floors in the store's seafood department.
Under the circumstances presented here, we find that plaintiff failed to meet the burden of proof on summary judgment. Defendants submitted evidence sufficient to negate an essential element of plaintiff's claim, i.e., knowledge of the condition, and plaintiff failed to produce factual support sufficient to establish that she could meet her burden of proof at trial. There is no genuine issue of material fact, and defendants are therefore entitled to judgment as a matter of law.
Accordingly, we conclude that the motion for summary judgment was properly granted, and the judgment of the trial court is therefore affirmed. Plaintiff shall bear all costs of this appeal.
AFFIRMED.
NOTES
[1] During the pendency of these proceedings, Linda Jones died, and her son, Raynor Jones was substituted as party plaintiff.
[2] In the original petition, plaintiff incorrectly named as defendants Ray Gatusso, Marie Gatusso and Kent Coast Victory Development. The proper name of the owner of the building in this case is Victory Gretna, L.L.C. whose insurer is Reliance Insurance Company. Answer was filed on behalf of these two parties.