54 So.3d 172 (2010)
Elizabeth PEARSON and Upton Pearson
v.
Thomas J. DELAUNE, Tommy's Seafood, Inc., and Lafayette Insurance Company.
No. 2010-CA-0475.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 2010.
*173 Leo J. Palazzo, David D. Bravo, Palazzo Law Firm, APLC, Gretna, LA, for Plaintiffs/Appellants, Elizabeth Pearson and Upton Pearson.
Raymond A. Pelleteri, Jr., Alexander R. Saunders, Pelleteri & Wiedorn, L.L.C., New Orleans, LA, for Defendants/Appellees, Thomas J. Delaune and Lafayette Insurance Company.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, Judge TERRI F. LOVE).
TERRI F. LOVE, Judge.
Plaintiffs/Appellants, Elizabeth Pearson and Upton Pearson, appeal the district court's granting of a motion for summary judgment that was filed on behalf of Defendants/Appellees, Thomas J. Delaune, Tommy's Seafood, Inc., and Lafayette Insurance Company. The Pearsons filed suit against Mr. Delaune, owner of the leased premises where she was employed, and Mr. Delaune's insurer, alleging that Mrs. Pearson was injured as a result of a defective, leaking compressor unit, the condition of which she alleged that she had previously informed Mr. Delaune.
We find that the trial court correctly granted the motion for summary judgment, as no genuine issues of material fact exist as to Mr. Delaune's knowledge of the defect in question. Defendants are thus entitled to summary judgment as a matter of law, and we affirm the decision of the trial court.

FACTUAL AND PROCEDURAL HISTORY
Mrs. Elizabeth Pearson and Mr. Upton Pearson allege that in January 2004, Mrs. Pearson was employed by Crescent City Produce[1], lessee of the building located at 148 Harbor Circle, when she entered a walk-in cooler and slipped and fell in a puddle of water that had collected on the floor. Mrs. Pearson alleges that the puddle on which she slipped resulted from a defective, leaking compressor unit. She further alleges that she had previously informed Mr. Thomas Delaune, owner of *174 the leased premises, of the defective condition of the compressor unit.
The Pearsons filed a petition for damages against Mr. Thomas Delaune, Tommy's Seafood, Inc., and Mr. Delaune's insurer, Lafayette Insurance Company. Defendants filed a motion for summary judgment, which the trial court granted, finding that no genuine issue of material fact exists as to whether Mr. Delaune knew or should have known of the alleged defective condition of the cooler. The trial court found that if Mrs. Pearson did inform Mr. Delaune of the defect, she knew about the defect, and if Mrs. Pearson did not inform Mr. Delaune of the defect, he had no duty as a property owner to warn of the condition. The Delaunes appeal the trial court's grant of the Defendants' motion for summary judgment.

STANDARD OF REVIEW
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.Proc. art. 966(B). Summary judgment is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.Proc. art. 966(A)(2).
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Champagne v. Ward, 03-3211, p. 4 (La.1/19/05), 893 So.2d 773, 776. The mover bears the initial burden of proof to show that no genuine issue of material fact exists. Id. However, if the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ.Proc. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the nonmoving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. Id.

MOTION FOR SUMMARY JUDGMENT
The Pearsons assign error to the district court granting of Appellees' motion for summary judgment. The Pearsons argue that there was a genuine issue of material fact as to whether Mr. Delaune knew or should have known of the allegedly defective condition of the cooler based on the pleadings, depositions, admissions, affidavits and documents presented.
In determining whether the trial court erred in granting Mr. Delaune's motion for summary judgment, we must discern whether genuine issues of material fact exist. King v. Dialysis Clinic Inc., 04-2116, p. 5 (La.App. 4 Cir. 1/4/06), 923 So.2d 177, 180. "A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of a legal dispute." Hines v. Garrett, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765. An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts establishing that there is a genuine issue of material fact for trial. La.Code Civ. Proc. art. 967(B).

Knowledge of the Defective Condition
Appellants maintain that the law imposes a duty upon the owner of the building to be answerable for damages occasioned by its damage or ruin. Appellants *175 argue that Mr. Delaune knew or should have known of the allegedly defective condition of the coolers, which led to Mrs. Pearson's injuries and purport that Mr. Delaune's liability for Mrs. Pearson's injuries is predicated on that knowledge.
The basis of Appellees' motion for summary judgment was that there was no genuine issue of material fact as to whether Mr. Delaune knew or should have known of the allegedly defective condition of the cooler. Appellees maintain that Mr. Delaune did not have responsibility to perform repairs or maintain the building and that Mrs. Pearson, in her capacity as manager of Crescent City Produce, was aware of who held responsibility to perform repairs. Appellees contend that Ms. Pearson knew of the condition at the building and had a responsibility to avoid the danger and did not, and her injuries resulted from that failure. Further, Appellees aver that Mr. Delaune had no knowledge of the alleged defects or time to make repairs even if he did have knowledge of the defects.
The trial court stated:
The motion for summary judgment is granted. The linchpin in this decision is whether the Plaintiff informed Mr. Delaune of the defect in question. This is the linchpin because either way you answer this question, it is the Court's view that the Defendants must prevail. If Plaintiff did inform Mr. Delaune of the defect, she obviously knew about it . . .
* * *
On the other hand, if Plaintiff did not inform Mr. Delaune of the defect, then he had no duty as a property owner to warn of the condition. If there is no duty, there is no remaining factual question for the jury to decide.
An owner's liability for a vice or defect on the premises is rooted in La.C.C. arts. 2317 and 2322. Both articles impose strict liability, or liability without fault, based on status as an owner or custodian rather than on personal fault. La.C.C. art. 2317 imposes liability on an individual as a custodian for damage caused by things in his custody. Under La.C.C. art. 2322, an owner is liable for damages to any person injured in an accident caused by the owner's neglect to repair the building or from a defect in its original construction. Olsen v. Shell Oil Co., 365 So.2d 1285 (La.1978).
To recover under La.C.C. 2317, a plaintiff must prove that he was injured by a thing that was in the care or custody of the defendant and that such thing was defective. Fonseca v. Marlin Marine Corp., 410 So.2d 674 (La.1981); Loescher v. Parr, 324 So.2d 441 (La.1975). Further, to recover under La. C.C. 2322 against an owner of a building, a plaintiff must prove that the building posed an unreasonable risk of injury to others and that he was damaged by virtue of this risk. Entrevia v. Hood, 427 So.2d 1146 (La.1983). However, a building owner is not responsible for all injuries resulting from any risk posed by his building; he is only liable for those injuries caused by an unreasonable risk of harm to others. Entrevia, 427 So.2d at 1149.
In Jones v. Gatusso, a store clerk filed a negligence suit against the landlord of a building in which she worked, and its insurer, alleging that the building's floor, on which the clerk fell and injured herself, was defective. 00-1654, p. 2 (La.App. 5 Cir. 2/14/01), 782 So.2d 11, 12. In Jones, the owner of the building moved for summary judgment on the grounds that he had no knowledge of the alleged defective condition. Id. Using La.Rev.Stat. 9:3221 in the analysis, the court held that the store clerk's employer agreed as a tenant of the *176 building to keep its interior, including the floors, in good condition, even if the defective condition of the floor existed from the time the building was constructed, and thus, the tenant assumed liability for the building's defects, unless owner knew or should have known of defect or had received notice thereof and failed to remedy it within reasonable time. Id. at p. 4, 782 So.2d at 13-14.
In December 2003, Mr. Delaune purchased the property located at 148 Harbor Circle. Mrs. Pearson alleges that in January 2004, approximately two weeks following Mr. Delaune's purchase of the property, as a result of a defective, dripping compressor unit, Mrs. Pearson fell in the cooler and sustained injuries. Mrs. Pearson executed an affidavit and attested that prior to the act of sale, she showed Mr. Delaune the building, which showing included the coolers.
The record reflects Mrs. Pearson stated that she had discussions with Mr. Delaune in connection with whether coolers would be changed out to add freezers for Mr. Delaune's business operations. Mrs. Pearson attested that she informed Mr. Delaune of several defects in the property, including a defective compressor unit in a cooler. On the contrary, Mr. Delaune testified in his deposition that he did not recall being made aware of a refrigeration issue with the cooler where Mrs. Pearson was injured.
Greg Alexander, a Warehouse Manager at Crescent City Produce, attested that when Mr. Delaune visited the warehouse that he was planning to purchase, they discussed that the cooler units were not working properly, and that a cooler exhibited difficulty maintaining temperature as a result of one unit not functioning. Mr. Alexander attested that this difficulty in temperature maintenance caused the other unit to overcompensate, and the unit constantly dripped condensation. Mr. Alexander's affidavit supports Mr. Delaune's testimony in that he attested that Mr. Delaune said that he was going to build a new cooler in the warehouse for Crescent Crescent City Produce to use and change the existing large cooler into a freezer for use in his shrimp business.
Nevertheless, the record reflects that Mr. Delaune purchased the property only two weeks prior to Mrs. Pearson's injury. Nothing in the act of sale highlighted defects in the cooling system. Moreover, the leasing agreement placed the burden on the Crescent City Produce to handle maintenance and repair issues on the property. Thus, the business managed by Mrs. Pearson took over responsibility for the condition of the coolers.
Further, as manager of the premises, Mrs. Pearson had occasion to traverse the cooler at issue daily during her approximate three-year tenure as manager of businesses operated on the premises. Mr. Alexander testified that the cooler in one of the compressors did not work properly for "a long time," and he stated that the condition persisted "off and on for years." Mr. Alexander stated that "we always had one of them, if not a few of them dripping."
As to the puddle, when asked if the puddle that caused Mrs. Pearson to slip was a regular occurrence, Mr. Alexander answered in the affirmative. Mr. Alexander stated that he could not answer whether that puddle was there when Mr. Delaune viewed the building nor did Mr. Alexander know whether the puddle was there on the day that Mr. Delaune sent someone to view the cooler.
Therefore, Appellees must prevail under either fact pattern in the event that Mrs. Pearson did inform Mr. Delaune of the defect, Mrs. Pearson thus had knowledge *177 of the defect, and in the event that Mrs. Pearson did not inform Mr. Delaune of the defect, Mr. Delaune would have had no duty as a property owner to warn of the condition.
Thus, we do not find that Mrs. Pearson established that as owner, Mr. Delaune knew or should have known of the defect or had received notice thereof and failed to remedy it within reasonable time. We find that Appellants failed to present legally sufficient evidence to establish knowledge on the part of Mr. Delaune of the defective cooler. The trial court was correct in granting summary judgment in favor of Appellees.

DECREE
Considering the law, evidence, and testimony presented in the instant case, we find that the appellant failed to establish knowledge of the condition of the coolers and failed to produce factual support sufficient to establish that she could meet her burden of proof at trial. Accordingly, we conclude that the motion for summary judgment was properly granted. The judgment of the trial court is therefore affirmed.
AFFIRMED.
ARMSTRONG, C.J., Concurs in the Result.
ARMSTRONG, C.J., Concurs in the Result.
I agree with the majority that the trial court's summary judgment dismissing the plaintiffs' suit should be affirmed.
NOTES
[1] Mrs. Elizabeth Pearson married Upton Pearson, who was the owner of Pelican Produce, which operated at the premises located at 148 Harbor Circle at issue in this litigation. The record reflects that Mrs. Pearson was manager and vice-President of Pelican Produce, and the Pearsons operated Pelican Produce at that location until the business was sold in 2002. After Pelican Produce was sold, Mrs. Pearson worked as a manager of the new company operating at that location, Crescent City Produce.