Judge Joy Cossich Lobrano
In this slip and fall case, plaintiff/appellant, Antoinette Russell ("Russell") appeals the district court's April 9, 2018 judgment granting a Motion for Summary Judgment in favor of Berk-Cohen Associates, LLC ("Berk-Cohen"). For the reasons set forth below, we affirm.
On July 18, 2014, Russell filed a petition for damages against defendants, Forest Isle, Inc. and XYZ Insurance Company, alleging that Russell sustained injuries after she slipped and fell on the walkway owned and operated by these defendants. On December 18, 2014, Russell filed a second amended petition for damages in which she named Berk-Cohen as a defendant.
Russell alleged that on July 19, 2013, she was injured while she was visiting her mother at her mother's apartment complex. As Russell approached her mother's apartment, she used a covered walkway that ran in front of her mother's apartment door. As she took the last few steps needed to reach her mother's door, the walkway cracked, splitting into a 3-4 inch wide gap running the length of the walkway. When the walkway cracked open, Russell's foot was caught in the gap and she fell to the ground sustaining injuries. Russell alleged that as a result of the fall, she has suffered significant injury to her *49 left ankle that has persisted for several years, and that the accident was caused by the fault, negligence and/or want of care of the defendants.
On September 29, 2017, Berk-Cohen filed a motion for summary judgment, asserting that there was no genuine issue of material fact, as to whether the walkway was unreasonably dangerous and as to whether Berk-Cohen had any prior notice of the walkway's dangerous condition. The matter was heard on March 23, 2018. A judgment was signed on April 9, 2018, granting Berk-Cohen's motion for summary judgment and dismissing all claims of Russell in their entirety, with prejudice.
Although Russell presents a number of assignments of error[1] in her appellate brief, the dispositive issue is whether there are genuine issues of material fact as to whether Berk-Cohen had notice of the defective condition of the walkway, precluding summary judgment.
A motion for summary judgment is properly granted if the motion, memorandum, and supporting documents (pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions) show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art 966 (A)(3) and (4).
The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.
La. C.C.P. art. 966 (D)(1).
When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of her pleading, but her response, by affidavits or as otherwise provided, must set forth specific facts showing that there is a genuine issue for trial. If she does not so respond, summary judgment, if appropriate, shall be rendered against her. La. C.C.P. art 967 (B).
An appellate court's review of a summary judgment is de novo based on the evidence presented to the district court, using the same criteria used by the court in deciding whether summary judgment should be granted. Lewis v. Jazz Casino Co., L.L.C., 2017-0935, p. 5 (La. App. 4 Cir. 4/26/18), 245 So.3d 68, 72. "Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in the light of the substantive law applicable to" the case sub judice . Christakis v. Clipper Const., L.L.C., 2012-1638, pp. 3-4 (La. App. 1 Cir. 4/26/13), 117 So.3d 168, 170. The applicable substantive *50 law in this case is set forth in Louisiana Civil Code articles 2317.1 and 2322.
An owner's premises liability for a vice or defect is rooted in La. C.C. arts. 2317 and 2322. Both articles impose strict liability "based on status as an owner or custodian rather than on personal fault." Pearson v. Delaune , 2010-0475, p. 5 (La. App. 4 Cir. 12/15/10), 54 So.3d 172, 175. " La.C.C. art. 2317 imposes liability on an individual as a custodian for damage caused by things in his custody." Id. "Under La.C.C. art. 2322, an owner is liable for damages to any person injured in an accident caused by the owner's neglect to repair the building or from a defect in its original construction." Id.
A plaintiff alleging negligence or strict liability of a building owner or custodian must prove the following elements to hold the owner of a building liable for the damages caused by the building's ruin or a defective component: (1) ownership of the building; (2) the owner knew or, in the exercise of reasonable care, should have known of the ruin or defect; (3) the damage could have been prevented by the exercise of reasonable care; (4) the defendant failed to exercise such reasonable care; and (5) causation. La. C.C. arts. 2317.1, 2322.[2] If the plaintiff fails to prove any of the elements for a property owner to be found liable under the civil-code articles governing damage caused by ruin of building, the plaintiff's claim must fail. La. C.C. art. 2322.
Additionally, our jurisprudence requires that the ruinous building or its defective component part create an unreasonable risk of harm. Broussard v. State ex rel. Office of State Bldgs. , 2012-1238, p. 8 (La. 4/5/13), 113 So.3d 175, 182-83 ; Garrison v. Old Man River Esplanade, L.L.C. , 2013-0869, p. 5 (La. App. 4 Cir. 12/18/13), 133 So.3d 699, 701.
"Constructive notice is defined as 'the existence of facts which infer actual knowledge.' Constructive notice can be found if the conditions which caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury." Gardner v. Louisiana Superdome, 2013-1548, p. 7 (La. App. 4 Cir. 5/7/14), 144 So.3d 1105, 1109 (quoting Maldonado v. Louisiana Superdome Comm'n , 95-2490, pp. 6-7 (La. App. 4 Cir. 1/22/97), 687 So.2d 1087, 1092 ).
In granting the motion for summary judgment, the district court found that Plaintiff failed to establish that Defendant had actual or constructive knowledge of the existence of an unreasonably dangerous *51 condition. In its oral reasons, the district court stated:
But I don't have anything here, no prior photographs, no experts, there was nothing provided to me that would defeat this motion for summary judgment.
And I realize you are in a tenuous situation simply because you have a picture, don't know when it was taken. We know what happened at the time or around the time she stepped on it. But plaintiff, unfortunately, has failed to carry her burden on the summary judgment of providing factual support sufficient to create a genuine issue of material fact. Plaintiff relies on her own deposition and photographs taken shortly after the fall. However, she has failed to provide any evidence that the defendant should have known about a defective condition of the step and failed to act reasonably to cure that condition. I have no choice but to grant his motion for summary judgment.
A review of the record reveals that Russell failed to prove that the walkway was unreasonably dangerous or that Berk-Cohen knew or should have known of the allegedly defective condition of the walkway. No evidence was presented that Berk-Cohen had knowledge (actual or constructive) of the allegedly defective condition of the sidewalk before Russell fell.
In the case sub judice , Russell's testimony established that the crack in the sidewalk occurred contemporaneously with her fall, such that the custodian of the premises could not have had prior notice, and that she did not believe that Berk-Cohen could have prevented her accident. By Russell's own testimony, there was nothing Berk-Cohen could have done to prevent her accident, as the crack in the sidewalk and her fall simultaneously occurred, removing the possibility of constructive knowledge. Therefore, since the crack in the sidewalk occurred spontaneously with Russell's injury, there was no knowledge (either actual or constructive) of the alleged defect and no opportunity to prevent the injury. Thus, Berk-Cohen could not have had actual or constructive knowledge of the alleged defect.
Considering the law, evidence, and testimony presented in the case sub judice , we find that Russell failed to establish knowledge of the condition of the sidewalk and failed to produce factual support sufficient to establish that she could meet her burden of proof at trial. Russell has failed to provide any evidence that Berk-Cohen should have known about a defective condition of the walkway and failed to act reasonably to cure that condition. Accordingly, we conclude that summary judgment in favor of Berk-Cohen was appropriate.
For the above reasons, the April 9, 2018 judgment of the district court granting summary judgment in favor of Berk-Cohen is affirmed.
AFFIRMED

Russell alleges that the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is a genuine issue as to material fact regarding whether: (1) Berk-Cohen was negligent in failing to prevent or repair the defect in the subject sidewalk; (2) Berk-Cohen knew or, in the exercise of reasonable care, should have known of the vice or defect which caused Russell to fall; (3) the damage could have been prevented by the exercise of reasonable care on the part of Berk-Cohen; and (4) Berk-Cohen failed to exercise reasonable care.

La. C.C. art. 2317.1 provides:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
La. C.C. art. 2322 provides:
The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.