| | | |
|---|---|---|
| CASSANDRA LEWIS | * | NO. 2020-CA-0125 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| B-3 PROPERTY D/B/A B-3 | * | |
| CONSULTING, BLAIR BAIL | | FOURTH CIRCUIT |
| BONDS, AND ABC | * | |
| INSURANCE COMPANY | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2011-05651, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**Judge Terri F. Love**
* * * * * *
(Court composed of Chief Judge James F. McKay, III, Judge Terri F. Love, Judge Edwin A. Lombard)


John Michael Daly, Jr.
WALKER DALY, LLP
3939 North Causeway Boulevard, Suite 200
Metairie, LA 70002

    COUNSEL FOR PLAINTIFF/RESPONDENT


Ike Spears
Diedre Pierce Kelly
SPEARS & SPEARS
909 Poydras Street, Suite 1825
New Orleans, LA 70112

    COUNSEL FOR DEFENDANTS/RELATORS


                **WRIT GRANTED;
                JUDGMENT REVERSED;
                AND REMANDED**

                **August 7, 2020**

*TFL*
*JFM*
*EAL*

This matter arises out of a slip and fall tort action brought by Plaintiff, Cassandra Lewis, against Defendants, B-3 Property d/b/a B-3 Consulting and Blair Bail Bonds. Defendants seek review of the trial court's November 8, 2018 judgment, which granted Plaintiff's motion for partial summary judgment on the issue of negligence. Finding that genuine issues of material fact remain regarding Defendants' negligence, we grant Defendants' writ application,[1] reverse the judgment, and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On May 27, 2011, Plaintiff filed a petition for damages against Defendants for injuries arising out of a fall in June or July 2010, outside her apartment complex, which she contended was owned and operated by Defendants. Plaintiff alleged that she slipped in a puddle of water and algae that had formed on the sidewalk from a leaking air conditioning unit. On September 15, 2014, Plaintiff filed an amended petition adding St. Roch Villa, LLC ("St. Roch Villa") as a defendant, as a potential owner and/or operator of the apartment complex. Defendants and St. Roch Villa denied the allegations of Ms. Lewis' petition and amended petition, calling for strict proof thereof and pleading contributory negligence.

On May 19, 2015, Plaintiff filed a motion for partial summary judgment asserting no genuine issues of material fact existed concerning Defendants' negligence. In support, Plaintiff attached her own affidavit and the affidavits of

---

[1] As will be discussed *infra*, this Court converted Defendants' suspensive appeal into a supervisory writ application.

three other witnesses[2] averring that she fell in a puddle of water and algae and Defendants' notice of the alleged defective condition. In opposition, Defendants submitted an affidavit from Elaine Yost, the apartment complex manager. Ms. Yost denied the existence or receipt of notice of any defects involving water/algae accumulation on the sidewalk from Plaintiff or any other party prior to Plaintiff's fall. Ms. Yost also attested that St. Roch Villa owned the apartment complex at the time of Plaintiff's alleged accident, not Defendants. Defendants stipulated that St. Roch Villa owned the apartment complex. The trial court denied the summary judgment motion.

Plaintiff brought a second motion for partial summary judgment against Defendants on August 8, 2017. The re-urged motion did not specifically seek summary judgment relief against St. Roch Villa. Plaintiff supported the re-urged motion with the same affidavits attached to the first motion for summary judgment. She also attached a partial deposition transcript of Reginald Smith, the apartment complex's maintenance man, citing his testimony that he affixed drain pans to the air conditioning unit.

Defendants' opposition reiterated that Ms. Yost's affidavit denying the existence and notice of any defect and contesting Defendants' ownership of the complex demonstrated that factual issues in dispute remained regarding negligence. Alternatively, Defendants asserted that Plaintiff's affidavits established her awareness of the alleged defect; hence, her knowledge of an open and obvious defect precluded any right of recovery against Defendants.

---

[2] Plaintiff attached affidavits from Donald Anderson, Semantha Lewis, her sister, and Janice Brown, her friend.

The trial court granted the second motion for partial summary judgment on December 20, 2017. Defendants timely appealed the judgment. This Court dismissed the appeal and remanded the matter to the district court because the judgment lacked decretal language specifying the parties cast in judgment.[3]

On November 8, 2018, on remand, the trial court issued a revised judgment granting partial summary judgment in favor of Plaintiff against Defendants, specifically naming B-3 Property D/B/A B-3 Consulting and Blair Bail Bonds. The revised judgment provided, in part, the following:

> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's, Cassandra Lewis, Motion for Summary Judgment against defendants, B-3 Property D/B/A B-3 Consulting and Blair Bail Bonds, is granted, finding that the defendants, B-3 Property D/B/A B-3 Consulting and Blair Bail Bonds, are liable to plaintiff, Cassandra Lewis, for any damages suffered by plaintiff, Cassandra Lewis, as a result of the defects contained within defendants', B-3 Property D/B/A B-3 Consulting and Blair Bail Bonds, premises, with prejudice, each party to bear their own costs.

Defendants timely filed notice of a suspensive appeal on November 15, 2018. On appeal, this Court, on its own motion,[4] ordered that Defendants' suspensive appeal be converted to a supervisory writ application, as the judgment granting partial summary judgment had not been designated a final, appealable judgment.

We now consider the merits of Defendants' writ application.

## SUMMARY JUDGMENT

This Court discussed the appropriate appellate standard of review of summary judgment motions in *Encalade v. A.H.G. Solutions, LLC*, 16-0357, p. 9 (La. App. 4 Cir. 11/16/16), 204 So.3d 661, 666 as follows:

---

[3] *See Lewis v. B-3 Property*, 18-0428 (La. App. 4 Cir. 10/24/18), 258 So.3d 107.

[4] *See Lewis v. B-3 Property*, 20-0125 (La. App. 4 Cir. 7/22/20), unpub.

Appellate courts review summary judgments *de novo*. *Independent Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, p. 7 (La. 2/29/00), 755 So.2d 226, 230. We use the same standard applied by the trial court in deciding whether summary judgment is appropriate by determining if genuine issues of material fact exist. *Francis v. Union Carbide Corp.*, 12-1397, p. 2 (La. App. 4 Cir. 5/8/13), 116 So.3d 858, 860. Because we apply a *de novo* standard of review, we do not defer to the trial court's judgment or reasons thereof. *Jones v. Buck Kreihs Marine Repair, L.L.C.*, 13-0083, p. 2 (La. App. 4 Cir. 8/21/13), 122 So.3d 1181, 1183 (citing *Cusimano v. Port Esplanade Condominium Ass'n, Inc.*, 10-0477, p. 4 (La. App. 4 Cir. 1/12/11), 55 So.3d 931, 934).

The motion for summary judgment shall be granted when, after an opportunity for adequate discovery, the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that mover is entitled to summary judgment as a matter of law. *See* La. C.C.P. art. 966(A)(1)(3). A material fact is one that insures or precludes recovery, impacts a litigant's success, or determines the outcome of the legal dispute. *See Encalade*, 16-0357, p. 10, 204 So.3d at 666-67. Any doubt regarding a material issue of fact is resolved in favor of a trial on the merits. *Id*., 16-0357, p. 10, 204 So.3d at 667. The burden of proof rests with the mover. *See* La. C.C. P. art. 966(D)(1).

## DISCUSSION

Defendants argue the trial court erred in granting summary judgment against Defendants on the issue of negligence in the following respects:

1. Several contested and unresolved issues of material fact exist that can only be resolved at a trial on the merits;

2. Ms. Lewis has not proven by clear and convincing evidence that an accident occurred or how and when an accident occurred;

3. The evidence is unclear as to whether an accumulation of water or algae caused the alleged accident and Defendants had no prior knowledge of the defective condition;

4. The alleged accumulation of water and/or algae was "open and

6

obvious" to pedestrians and was known to Ms. Lewis;  and

5. There is no evidence of ownership or liability as to Defendants.

Upon review, Plaintiff's' negligence allegations against Defendants are rooted in La. C.C. art. 2317.1 and La. C.C. art. 2322.  La. C.C. art. 2317.1 provides, in part, that "[t]he owner or custodian of a thing is answerable for damage as occasioned by its ruin, vice, or defect, . . ." La. C.C. art. 2322 states, in relevant part, that:

> The owner of a building is answerable for the damage occasioned by its ruin when this caused by neglect to repair it . . .   However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care, . . .

To recover under these provisions, a plaintiff must prove the thing was in defendant's custody and control; the thing was defective; and the defect presented an unreasonable risk of harm, which resulted in injury to plaintiff. *See Pearson v. Delaune*, 10-0475, p. 5 (La. App. 4 Cir. 12/15/10), 54 So.3d 172, 175.  However, the defendant/owner is only liable for those injuries caused by an unreasonable risk of harm to others. *Id.*     The fact-finder employs the risk-utility balancing test to determine which risks are unreasonable. *Broussard v. State ex rel. Office of State Bldgs.*, 12-1238, pp. 9-10 (La. 4/5/13), 113 So.3d 175, 184.   This four-pronged balancing test weighs: (1) the utility of the complained of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of plaintiff's activities in terms of its social utility or whether it is dangerous by nature. *Broussard*, 12-1238, p. 10, 113 So.3d at 184. As to the second prong-whether the risk poses an open and obvious hazard-if the facts and circumstances show the

7

alleged dangerous or defective condition is open and obvious to all who encounter it, then, the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff. *Id*., 12-1238, p. 11, 113 So.3d at 184. Under established Louisiana jurisprudence, a defendant does not have a duty to protect against open and obvious defects. *Id*., 12-1238, p. 10, 113 So.3d at 184. Whether a defect, such as an open and obvious defect, presents an unreasonable risk of harm is a mixed issue of fact and law that is a question for the jury or fact finder. *Id*., 12-1238, p. 9, 113 So.3d at 184. In applying these precepts to the case *sub judice* and examining the parties' affidavits and Mr. Smith's deposition transcript, we agree with Defendants that the trial court erred in granting Plaintiff's motion for partial summary judgment.

Ms. Lewis' affidavit stated, in part, the following:

> That prior to her fall, she had complained, as had numerous other residents, to the Manager, Ms. Elaine, about the algae accumulation and water accumulation.

> That on the date of the accident, she was leaving her apartment, when she slipped and fell in the algae/water pool that was caused by accumulation of water over a long period of time outside her apartment.

> After the fall, she advised the Manager of her fall and that she was injured.

Ms. Yost's affidavit averred the following:

1. That she is the manager of the apartment building located at 3101 St. Roch Street in the City of New Orleans, Louisiana;

2. That she was the manager of aforesaid property on June and July 2010, when plaintiff Cassandra Lewis alleges that she slipped and fell on or near the apartment building.

3. That Cassandra Lewis was a tenant at the subject property at 3101 St. Roch Street in June and July of 2010;

4. That Donald Anderson was not on the lease of the subject property at 3101 St. Roch Street at any time, including in June or July 2010;

5. That plaintiff Cassandra Lewis never complained prior to her alleged slip and fall about any accumulation of water and algae on subject property;

6. That she has never seen and is unaware of any accumulation of algae on the sidewalk of the subject property;

7. That the subject property at 3101 St. Roch is owned exclusive by St. Roch Villa, LLC and has been so owned since July 2009;

8. That neither B-3 Property d/b/a B-3 Consulting nor Blair's Bail Bonds has any ownership in the subject property at 3101 St. Roch Street.

Mr. Smith's deposition included the following testimony:

Q. Let me ask you this much, why did you put drip pans there? What was that designed to do? Was water accumulating or what was happening? Why did you have to put them?

A. Yeah. It was a drip coming from the air conditioner and I used a funnel with some tubing to catch the water and draw it out.

Q. Was the water accumulating on the sidewalk?

A. Yeah. It had fell [sic] on the sidewalk. Not like a puddle or nothing.

Q. Was there algae forming on the sidewalk?

A. No.

. . .

Q. Do you remember when she fell?

A. No. I don't.

. . .

Q. Had you done work on the air conditioning unit before she fell or after she fell?

A. Before.

9

. . .

Q. Did you ever go back and check to see if there was more water on the sidewalk?

A. Yeah. There wasn't.

Q. Did you check several days in a row or you just checked one day or what?

A. I'd go to that apartment complex like just about everyday.

Q. And you never saw any water?

A. Not after I ran the tubing.

Ms. Yost's affidavit clearly contests the existence of a defect and Defendants' knowledge of a defect. Plaintiff counters that her affidavit, the supporting affidavits of her witnesses, and Mr. Smith's deposition conclusively rebut Ms. Yost's affidavit. However, a trial court may not weigh conflicting evidence or make credibility determinations in deciding a motion for summary judgment. *See Danna v. Ritz-Carlton Hotel Co., LLC*, 15-0651, p. 32 (La. App. 4 Cir. 5/11/16), 213 So.3d 26, 32. Moreover, with reference to Mr. Smith's deposition, closer inspection of his testimony raises fact issues as to whether he saw the formation of water puddles and algae on the sidewalk, as claimed by Plaintiff. Where reasonable inferences can be drawn from facts contained in affidavits and depositions, the inferences must be viewed in the light most favorable to the party opposing the summary judgment motion. *Id.*

We also agree with Defendants that Plaintiff's admitted awareness of the accumulation of water and algae on the sidewalk prior to her fall presents a mixed question of fact and law as to whether or not the alleged defect was open and obvious which, if proven at a trial, could alleviate Defendants' fault. Similarly,

Defendants' contested ownership and/ or custody of the apartment complex raise issues of fact and law as to whether negligence can be imputed onto Defendants pursuant to La. C.C. art. 2317.1 or La. C.C. art. 2322. Hence, upon *de novo* review of the affidavits and Mr. Smith's deposition, we find Plaintiff submitted legally insufficient evidence to establish Defendants' negligence through summary judgment.

## CONCLUSION

Based on the foregoing reasons, the trial court erred in granting Plaintiff's motion for partial summary judgment. Genuine issues of material fact exist that preclude summary judgment relief on the issue of negligence. Plaintiff did not met her burden of proof. Accordingly, we grant Defendants' writ, reverse the judgment, and remand for further proceedings consistent with this opinion.

**WRIT GRANTED; JUDGMENT REVERSED; AND REMANDED**